ALEXANDER McMILLEN, RESPONDENT, *v.* TIMOTHY C. CRONIN, EXECUTOR, ETC., OF HOLLIS BRUCE, DECEASED, APPELLANT.

*Right of way — right of the owner of the easement to repair the way.*

Where one has a right of way over the lands of another, he may do whatever is suitable and proper to put the said way in good order, provided it be done without unnecessary inconvenience to the owner of the fee.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for an assault and battery. The defense interposed was that the plaintiff was trespassing upon defendant's ground and refused to leave the premises.

The *locus in quo* had been used as a private way from plaintiff's premises, over defendant's land, to the public highway, for more than sixty years, a gate having always been maintained near the highway and also at plaintiff's line. It was claimed by defendant that plaintiff had removed his gate and thereby forfeited the right to use the way. At the time of the assault the plaintiff was engaged in repairing the way.

*M. Fairchild,* for the appellant. In this case the right of private way claimed by the plaintiff being established only by user, is governed entirely by the user; and as the way had never been worked, the plaintiff had no right to work it, and was wrongfully there for that purpose, plowing, turnpiking, ditching, etc. (Washb. on Easements, 20.) The extent of the right acquired by twenty years' user is conclusively governed by the user. (*Corning* v. *Gould,* 16 Wend., 531, and cases cited in the opinion of Cowen, J.; 3 Kent, 420, note *d,* in 7th ed; id., 424, note 1, in 7th ed.) The owner of a right of private way, by prescription, has no right to cut ditches to repair. (*Capers* v. *McKee,* 1 Strob., 164; Washb. on Easements, 72.) Where a way is claimed by prescription the character and extent of it is fixed and determined by the user under which it is gained. The extent of a usage of a way is evidence only of a right commensurable with the use. (Washb. on Easements, 72.)

*S. W. Russell,* for the respondent.

LEARNED, P. J.:

The defendant insists that as the plaintiff had removed certain gates, which had been at the ends of the way used over the defendant's land, he had thereby lost the right of way. We see no connection between that act and his right of way. The plaintiff was not engaged in such removal, when the assault was committed.

The defendant also insists that, as it did not appear that the way had ever been repaired, the plaintiff had no right to repair it. It was not shown affirmatively that no repairs had ever been made. But further it was established that the plaintiff had a right of way over the defendant's land. This was proved by the use thereof for sixty years and the right was not denied. It would seem strange, if the plaintiff had such a right of way, that he might not put it into such condition as to be conveniently passable. If not, it might cease to be a way, by becoming utterly impassable.

If a right of way is given in a place where one cannot go without doing some work, it is lawful to make the way by digging and laying a foundation. (Dig. 8, 1, 10.) This rule of the civil law is one of its "luminous principles" on the subject of servitudes. We see no reason why it should not be the law now. There is no evi-

dence in this case that the plaintiff was doing any thing that was not suitable and proper to put the way in good order, without unnecessary inconvenience to the owner of the fee.

In the case of *Capers* v. *McKee* (1 Strob., 164), cited by the defendant, the person entitled to the right of way was constructing a ditch at the side of the way, and such construction does not appear to have been necessary to the use of the way, although it may have been desirable. It would seem also to have been an inconvenience to the owner of the land. That case is not like the present.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed, with costs.